The Columbian National
Life Insurance Company
     vs.       } Eq. No. 11658.
Industrial Trust Company et al.

November 13, 1934.

CHURCHILL, J. Heard on entry of final decree.

(1) The draft decree submitted by the complainant contains numerous findings of fact made by this Court in its rescript previously filed.

Rule 43 of the Rules of Equity in force in the Superior Court provides that "without reciting previous proceedings decrees shall begin in substance as follows: 'This cause came on to be heard (or to be further heard, as the case may be) and was argued by counsel and thereupon, upon consideration thereof, it is ordered, adjudged, and decreed as follows, viz: (Here insert the decree or order)'."

"But if it is intended that the final decree shall serve as a record of the case, proper recitals of previous proceedings may be inserted therein."

The rule above recited bars findings of fact in the decree in a case of this character.

(2) The policy itself provides the rule by which the paid-up insurance is computed.

"If there be any such indebtedness the Cash and Loan Value will be diminished accordingly and the Paid-up Insurance will be diminished accordingly and the Paid-up Insurance will be for such amount as the Cash Value so diminished will purchase * * *."

The method pointed out by the policy has been correctly followed by the complainant in arriving at the amount of paid-up insurance.

(3) The complainant's decree provides that the premiums paid by Mr. Wholey in connection with the reinstatement of the policy be paid to Elizabeth V. Wholey. The Industrial Trust Company claims them under its assignment.

The right to the return of the premiums paid under a void reinstatement is not a right accruing under the contract of insurance but is a right arising quasi ex contractu on rescission, and therefore goes to the representative of Timothy V. Wholey.

(4) Costs are awarded the complainant but this award of costs does not include the fees paid or to be paid by the complainant to expert witnesses called by it.

(5) The provision in the draft decree for return of the policy of insurance is proper. If appeal is taken, a temporary order may be applied for to hold that matter in statu quo pending appeal.

For complainant: Claude R. Branch.

For respondent: Comstock & Canning and John B. Beagan.